**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**BARBARA ANN KELLY,**

      **Plaintiff,**

**v.**                                           **Case No. 3:10cv392-MCR/EMT**

**ROBERT DAVIS, et al.,**

      **Defendants**
_____/

**ORDER**

Plaintiff Barbara Ann Kelly brought suit[1] against several individuals, including Robert Davis and Doris Goldstein; the Seaside Community Development Corporation ("SCDC"), Seaside Community Realty, Inc. ("SCRI"); Seaside I Homeowners' Association, Inc. ("Seaside I"), and Town Council, Inc. ("Town Council").[2] Kelly's claims arise out of her purchase of an undeveloped lot of real estate in a subdivision purportedly annexed to Seaside, Florida; she alleges that various documents governing the subdivision and its annexation are invalid. In a lengthy First Amended Complaint (doc. 31), Kelly brings counts of breach of contract, promissory estoppel, fraud in the inducement, negligent misrepresentation, conspiracy, negligence, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq*., violation of Florida's Consumer Collection Practices Act, Fla. Stat. § 559,72(9), and she seeks a declaratory judgment regarding the validity of certain documents at issue, alleging that they have

---

[1] Kelly alleges that this court has jurisdiction based on diversity: the plaintiff is a resident of the state of Maryland, the defendants are residents of, or have their principal place of business in, Florida, and the amount in controversy exceeds $75,000, estimated to be the diminution in value of her land. *See* 28 U.S.C. § 1332.

[2] Defendants Dean Burgis, Bruce Noonan, and Emerald Coast Associates, Inc. have been voluntarily dismissed. (Docs. 75, 77).

Case No. 3:10cv392/MCR/EMT

caused uncertainty regarding her ability to develop and convey her lot. She alleges that her property has decreased in value in excess of $75,000, that she continues to incur damages through wrongful property assessments, and that her ability to develop and convey her property has been frustrated.[3] Currently pending are several motions to dismiss on multiple grounds. (*See* Docs. 52, 53, 54, 55). Having fully considered the arguments of the parties, the court concludes that the motions are due to be granted in part and denied in part as follows. The request for oral argument is denied at this time.

Davis, SCDC, SCRI, Seaside I, and Town Council argue that Kelly lacks standing. The court disagrees at this juncture. Taking as true the allegations of the First Amended Complaint, the court finds that Kelly has sufficiently alleged a property interest and an injury that is traceable to the defendants. Kelly alleges she was injured in contract and that the value of her property was diminished by fraud and conspiracy through acts and omissions of Davis, SCDC, SCRI, Goldstein and others; she asserts injury from the Town Council's allegedly illegal collection of assessments; and she asserts her injury, the diminution of value to her property, was a reasonably foreseeable consequence of Seaside I's alleged negligence with regard to the annexation. As to the declaratory judgment count, the documents she challenges impact her property and according to their terms and conditions, they run with the property and inure to the benefit of heirs and successors. The court accepts these allegations as true for purposes of the motion to dismiss, recognizing that standing is a threshold issue that can be raised at any time and may be reasserted on a more complete record.

Seaside I and Town Council argue that Kelly has failed to allege facts sufficient to establish jurisdiction on counts against them. Kelly has set forth general allegations that

---

[3] In the First Amended Complaint, Kelly references several documents, notices, and Chapter 10 of the Walton County Land Development Code, but she did not attach them to the complaint. They have been attached as exhibits to the motions to dismiss, and the court has reviewed them. A document referenced in the complaint and "attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is (1) central to the plaintiff's claim; and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). In this context, a document is undisputed if its authenticity has not been challenged. *Id.* The plaintiff has not challenged the contents or authenticity of the documents.

her property's value has diminished in excess of $75.000 as the result of the improper development of Seaside 15, the invalidity of the Seaside 15 Declaration, the invalidity of the Seaside 15 Supplement, and the failure to properly annex Seaside 15. "Generally, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (internal marks omitted). However, "'[i]n an action against multiple unrelated defendants, a plaintiff relying on § 1332 must satisfy the amount-in-controversy requirement with respect to each individual defendant, unless the defendants may be held jointly liable to the plaintiff.'" *Seguros Comercial America v. Hall*, 115 F.Supp.2d 1371, 1376 (M.D. Fla. 2000) (quoting *Jewell v. Grain Dealers Mutual Ins.*, 290 F.2d 11, 13 (5th Cir.1961)[4]). Kelly has lumped together multiple actions as having caused the diminution in value to her property, but there is no basis alleged for holding Seaside I and the Town Council jointly liable with Davis and the other defendants, and there is no independent basis supporting the requisite amount in controversy as to these counts. Accordingly, the general allegation of amount in controversy is not sufficient for the counts against Seaside I and the Town Council. Therefore, Count VII and Count VIII will be dismissed with leave to amend.

The defendants assert that the plaintiff's claims are barred by the applicable statute of limitations.[5] Kelly purchased Lot 13 of Subdivision 15 on March 24, 2004, and by that date, all of the actions alleged and governing documents had been completed (with the exception of the ongoing property assessments and collection efforts). However, Kelly has asserted an equitable estoppel defense to the limitations bar based on letters and actions of the defendants, which the court finds raise issues of fact that cannot be resolved absent

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this circuit).

[5] The breach of contract claim is subject to a five-year statute of limitations, Fla. Stat. § 95.11(2)(b); rescission, negligence, fraud, conspiracy, and FDUTPA are subject to a four-year statute of limitations, Fla. Stat. § 95.11(3); and the consumer debt collection claim must be asserted within two years, Fla. Stat. §559.77(4).

a fully developed record.[6]  Moreover, the statute of limitations for the fraud-based claims is subject to the discovery doctrine, and plaintiff asserts she did not discover the material facts until 2010, which the court must accept as true in the context of a motion to dismiss. Accordingly, the statute of limitations defense does not require dismissal at this stage of the proceedings.

Davis, SCDC and SCRI argue that Kelly has failed to exhaust administrative remedies, asserting that the challenged county actions or decisions are quasi-judicial in nature, not legislative as Kelly has characterized them in the complaint.  Kelly argues that the purchase agreement characterized the Seaside Development as a "Planned Unit Development," which is legislative in nature under the express terms of the Walton County Code.  The court finds that more factual context is needed to determine how the challenged documents and decisions are appropriately characterized under the county land development code.[7]

The court agrees with SCDC's assertion that Kelly has failed to adequately allege grounds for the remedy of rescission for purposes of the breach of contract claim or promissory estoppel.  Placing the other party back in status quo is a prerequisite to

---

[6] Equitable estoppel "comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1079 (Fla. 2001).  The doctrine "presupposes an act of wrongdoing – such as fraud and concealment – that prejudices a party's case" and that is "directly attributable to the opposing party's misconduct." *Fla. Dep't of Health and Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1097 (Fla. 2002).

[7] "A legislative action by a local governing body is one that results in the formulation of a general rule of policy.  On the other hand, a quasi-judicial action results in the application of a general rule of policy." *D.R. Horton, Inc. v. Peyton*, 959 So. 2d 390, 393 (Fla. 1st DCA 2007).  The character of the hearing must be considered to determine whether a decision is quasi-judicial or legislative. *Id*. (finding a comprehensive land use plan to be legislative). Defendants cite *Vanderbilt Shores Condo. Ass'n, Inc. v. Collier County*, 891 So. 2d 583, 584 (Fla. 2nd DCA 2004), in which a claim for declaratory relief was dismissed for the failure to pursue administrative procedures before challenging the issuance of a building permit: "A party must exhaust its administrative remedies before challenging the issuance of a building permit." *Id*.  But, the case at hand does not challenge a building permit, and the court finds that more facts are needed to understand the nature of the claim and the challenged documents in this instance in order to determine whether administrative remedies needed to be exhausted before bringing suit.

rescission, and the right to rescind is subject to waiver if the party retains the benefits of a contract after discovering the grounds to rescind. *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours and Co.*, 761 So. 2d 306, 313 (Fla. 2000). Kelly has not alleged that she notified the other party of a decision to rescind, that she offered to restore any benefits received from the contract, or that a remedy at law is inadequate. *See Capital Factors, Inc. v. Heller Fin'l, Inc.*, 712 F. Supp. 908, 915 (S.D. Fla. 1989).

Davis, SCDC and SCRI argue that Kelly's claims are precluded because the facts on which she relies would have been matters of public record on or before March 24, 2004, when Kelly purchased Lot 13, and the development decisions were approved by the county. Although information in the public record that is obvious from a chain of title examination is properly imputed to the purchaser of real estate, *see M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91, 95 (Fla. 2002), Kelly's allegations are not the type of straightforward matters of public record that a title examination necessarily would have revealed. *See id.* at 93-96 (finding that whether a cause of action for fraudulent misrepresentation exists where the putatively misrepresented information is contained in the public record is a question of fact that should not be resolved through a motion to dismiss). Questions exist on this record regarding uncertainties in the public record, what statements were made or omitted, and whether the purchaser's reliance was justifiable under the totality of the circumstances. *Id.* at 94.

Goldstein is not a proper party to the conspiracy count because it is well-established that an employee cannot be a conspirator with her employer. *See Lipsig v. Ramlawi*, 760 So. 2d 170 (Fla. 3d DCA 2000); *Rivers v. Dillards Dep't Store, Inc.*, 698 So. 2d 1328, 1333 (Fla. 1st DCA 1997). The First Amended Complaint alleges that Goldstein was the attorney for Davis, SCDC and SCRI and prepared some documents for them in that capacity; Kelly does not allege any actions by Goldstein outside her employment nor does she allege that Goldstein had some personal stake in the matters. Kelly argues in opposition to the motion to dismiss that Goldstein has a personal stake, but there are no

such allegations of fact in the First Amended Complaint.  Accordingly, the conspiracy count against Goldstein will be dismissed.  Further, the court agrees that there is no basis for including Goldstein in the declaratory judgment count because there is no allegation that Goldstein has any interest in the validity of the documents with respect to which Kelly seeks declaratory judgment.

In all other respects, the court concludes without discussion that the allegations of the First Amended Complaint are sufficient to state a plausible claim.  See Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Accordingly:

1.     Defendants Robert Davis Seaside Community Development Corporation, and Seaside Community Realty, Inc.'s Motion to Dismiss the First Amended Complaint (doc. 52) is GRANTED in part and DENIED in part as follows:  The request for rescission in Count I and Count II shall be dismissed, and in all other respects the motion is DENIED.

2.     Defendant Doris Goldstein's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 53) is GRANTED, with leave to amend within 14 days.

3.     Defendants Emerald Coast Associates, Inc. and Dean Burgis's Motion to Dismiss the First Amended Complaint (doc. 54) is DENIED as MOOT.

4.     Defendants Seaside I Homeowners' Association, Inc. and Seaside Town Council, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (doc. 55) is GRANTED as to Count VII and Count VIII, with leave to amend within 14 days, and DENIED as MOOT as to Bruce Noonan.  The motion to strike is DENIED.

**DONE AND ORDERED on this 22nd day of March, 2012.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**